[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 14, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-11650
Non-Argument Calendar

_____

D. C. Docket No. 04-00243-CR-T-17MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LIBIO SINESTERRA COLORADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 14, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Jose Libio Sinesterra Colorado appeals his 135-month concurrent sentences

imposed after pleading guilty to (1) aiding and abetting in the possession with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 U.S.C. app. § 1903(a), (g) and 21 U.S.C. § 960(b)(1)(B)(ii), and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 U.S.C. app. § 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B)(ii).  After review, we affirm.

## I.  BACKGROUND

In May 2004, United States Coast Guard personnel observed a Colombian fishing vessel, the Estrella del Sur, refueling a small "go-fast" boat and providing its crew with food in the Pacific Ocean off Costa Rica.  Upon detecting the Coast Guard's presence, both vessels fled, and the Coast Guard personnel observed the crew of the go-fast boat dropping approximately thirty bales of cocaine into the ocean.  The Coast Guard recovered one of those bales, which contained 20 kilograms of cocaine.  The Coast Guard also pursued the Estrella del Sur and eventually arrested its crew, which included Colorado.  The Coast Guard and the government estimated that the go-fast boat was transporting at least 600 kilograms of cocaine.

Colorado pled guilty to both counts.  The presentence investigation report ("PSI") assessed a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1) based on

2

the amount of drugs (600 kilograms of cocaine) of which Colorado aided and abetted in the possession and conspired to distribute. The PSI recommended a two-level reduction under U.S.S.G. § 2D1.1(b)(7), because Colorado met the safety-valve criteria set forth in U.S.S.G. § 5C1.2, and a three-level reduction for acceptance of responsibility. Thus, with a total offense level of 33 and a criminal history category of I, the PSI recommended a guidelines range of 135 to 168 months. Colorado objected to the PSI, arguing that he was entitled to a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2.

At sentencing, Colorado renewed his request for a mitigating-role reduction. The district court denied the request, noting that without the refueller boat, the go-fast boat would have been unable to carry cocaine and would have been "dead in the water just waiting." Noting that the refueller boat was scheduled to meet a second go-fast boat, the court reasoned that the necessity that the refueller boat "be where it is, prepared to do what it has to do, and has a crew available to implement the refueling for more than one go-fast boat that is carrying the merchandise, . . . . is all a critical part of getting the drugs from their source to the ultimate recipient to be sold to the users in the United States." The district court then adopted the factual statements in the PSI and found a total offense level of 33, a criminal history category of I and a guidelines range of 135 to 168 months.

3

After permitting Colorado to allocute, the district court stated that, although Colorado was sorry for his crime, "because there is great harm that comes from this, to our country, we have to be harsh. People have got to stop doing what you are doing." The district court then sentenced Colorado to 135 months' imprisonment, at the low end of the guidelines range. In doing so, the district court noted that "[a]fter considering the advisory sentencing guidelines and all of the factors identified in Title 18, United States Code Sections 3553(a) 1 through 7," a sentence at the low end of the guidelines range was "sufficient, but not greater than necessary to comply with the statutory purposes of sentencing." The district court also stated that "[t]he reasons for imposing the selected sentence are as follows: Sentence at the low end of the guideline range appears to adequately reflect the criminal's conduct in this matter and in accordance with the Title 18 United States Code Section 3553(a)." This appeal followed.

## II. DISCUSSION

On appeal, Colorado argues that the district court erred in not granting him a mitigating-role reduction. We review for clear error a district court's determination of a defendant's qualification for a role reduction. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence.

4

Id. at 939. Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 940-45. When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable. Id. at 941. In addition, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id. at 944.

The district court did not clearly err in refusing to grant Colorado a role reduction. With respect to the first prong of De Varon, the district court held Colorado accountable for only the 600 kilograms of cocaine on the go-fast boat, which he admitted to conspiring to possess with intent to distribute. Therefore, Colorado's actual and relevant conduct were the same. In addition, as the district court correctly pointed out, the crew of the Estrella de Sur played a vital role in the conspiracy, i.e., without fuel and food supplies, the go-fast vessel would have been unable to deliver the drugs to their destination.

With respect to the second prong of De Varon, the evidence regarding Colorado's culpability indicates that he was at least as culpable as his codefendants. Colorado argues that he was "simply a deckhand." However, Colorado has provided no evidence showing that his responsibilities aboard the vessel were less important to the enterprise than those of any of the other crew members of Estrella del Sur or the go-fast boat.

Colorado also argues that his 135-month sentence was unreasonable under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).[1] After Booker, a district court, in determining a reasonable sentence, must consider the correctly calculated sentencing range under the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a). See Booker, 543 U.S. at ___, 125 S. Ct. at 764-66; United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review a defendant's sentence for unreasonableness in light of the factors in § 3553(a) and the reasons given by the district court. United States v. Williams, ___ F.3d ___, 2006 WL 68559, at *4 (11th Cir. Jan. 3, 2006).

We conclude that Colorado's sentence is not unreasonable. The 135-month sentence is at the low end of the guidelines range and well below the statutory

---

[1] We reject the government's argument that we lack jurisdiction to review Colorado's within-the-guidelines sentence for unreasonableness. See United States v. Martinez, ___ F.3d ___, 2006 WL 39541, at *3 (11th Cir. Jan. 9, 2006).

maximum term of life imprisonment. The district court noted that it had considered "all of the factors identified in Title 18, United States Code Sections 3553(a) 1 through 7," which is sufficient to satisfy its obligations under Booker. See Talley, 431 F.3d at 786 (explaining that "acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker"). In addition, the district court's comments reflect consideration of several § 3553(a) factors apart from the advisory guidelines range. Specifically, the district court considered the nature and circumstances of the offense, in particular the severity of the harm; Colorado's history and characteristics, including his desperate financial situation back in Colombia; and the need to adequately deter the criminal conduct. See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005) (holding that Booker does not require the district court to discuss each § 3553(a) factor). Nothing in the record convinces us that Colorado's 135-month sentence was unreasonable.

For all of the above reasons, we affirm Colorado's sentences.

**AFFIRMED.**