**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-41089
Summary Calendar

JOSE LIBIO SINESTERRA,

Petitioner-Appellant

v.

KEITH ROY, Warden, Chief Executive Officer,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-16

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Libio Sinesterra, a/k/a Jose Libio Sinesterra Colorado, federal prisoner # 42069-018, pleaded guilty to aiding and abetting in the possession with intent to distribute five kilograms or more of cocaine while on board a vessel, and he was sentenced to 135 months of imprisonment. Sinesterra appealed his sentence, which was affirmed. *See United States v. Colorado*, 170 F. App'x 689, 690-91 (11th Cir. 2006). Sinesterra then filed in the Middle District of Florida an "Independent Bill In Equity For Impeachment of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judgment" which the district court initially construed as a 28 U.S.C. § 2255 motion. The district court subsequently recharacterized his pleading as a motion for a bill in equity to impeach his criminal judgment and denied the motion, stating that it would not impeach the criminal judgment affirmed by the Eleventh Circuit. *See Sinesterra v. U.S.*, 8:06-cv-2339-T-17MSS (M.D. Fla. Jan. 22, 2007).

Sinesterra has now filed an "Application for an Independent Action, or Original Bill, In Equity For Writ of Habeas Corpus" in the Eastern District of Texas, which is identical to the motion filed in and denied by the Middle District of Florida. Sinesterra seeks to invoke the equitable jurisdiction of the district court to challenge his criminal conviction, alleging that he had been coerced into pleading guilty with threats of a 20-year sentence. He contends that his direct appeal and his § 2255 motion were denied and that he seeks an equitable remedy. He argues that all the essential elements of an independent suit in equity to impeach the judgment have been satisfied. He contends that he has exhausted all potential avenues of at law relief.

The independent action in equity derives its name from the portion of FED. R. CIV. P. 60(d) which states that the "rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding." FED. R. CIV. P. 60(d)(1). The independent action, or original bill, to impeach a judgment is founded upon an independent and substantive equitable jurisdiction, as distinguished from other forms of relief from judgment such as by a motion for rehearing, a motion for a new trial, or other motions by which a court exercises supervisory power over its judgment. *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 78-79 (5th Cir. 1970). A party cannot relitigate "in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." *Id*. at 79.

Sinesterra did not challenge his guilty plea in his direct appeal. *See United States v. Colorado*, 170 F. App'x at 690-93. Contrary to his assertion, he did not file a § 2255 motion. He filed an independent action in equity identical to the one filed in this case. Sinesterra could have challenged his guilty plea in his direct appeal or in a § 2255 motion, using those avenues provided by law. He cites no authority which would allow him to collaterally attack his criminal conviction in equity outside of the remedies provided by law. The district court lacked subject matter jurisdiction to consider and the equitable authority to provide the relief requested in Sinesterra's independent action in equity. Nothing "authorizes the federal courts to add new equitable remedies to the federal post-conviction remedial scheme." *See Renteria-Gonzalez v. I.N.S.*, 322 F.3d 804, 811-12 (5th Cir. 2003). Sinesterra makes no argument that his action should have been construed as a § 2255 motion or a 28 U.S.C. § 2241 petition.

We affirm the district court's dismissal of Sinesterra's complaint on the basis that the district court lacked jurisdiction to consider Sinesterra's unauthorized independent action in equity.

This is the second such independent action that Sinesterra has filed. We warn Sinesterra that he will be sanctioned if he continues to file unauthorized or frivolous pleadings challenging his conviction. *See Coghlan v. Starkey*, 852 F.2d 806, 808, 817 (5th Cir.1988) (courts of appeals have inherent authority to impose sanctions sua sponte).

AFFIRMED; SANCTION WARNING ISSUED.